**Theresia Asia KAUNANG; Jonah Fritz Ibrahim Kaunang, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74773.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008 *.

Filed Jan. 13, 2009.

Joseph Steven Porta, Esquire, Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioners.

Sada Manickman, Esquire, DOJ–U.S. Department of Justice, Richard M. Evans, Esquire, Assistant Director, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

### MEMORANDUM **

Theresia Asia Kaunang ("Theresia") and Jonah Fritz Ibrahim Kaunang ("Jonah"), mother and son, are natives and citizens of Indonesia who petition for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review for substantial evidence and uphold the denial of relief unless the evidence presented was "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ's conclusion that Theresia and Jonah have not established past persecution on account of religion is supported by substantial evidence. Persecution is an extreme concept that does not include every act that may be considered reprehensible. *See Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir.2004) (being blacklisted and on one occasion "pushed, punched, called names and threatened with her life" did not rise to past persecution). Moreover, isolated criminal activity by anonymous actors does not amount to persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004). Here, the IJ observed that the incidents of past violence described by Theresia and Jonah consisted of situations in which private individuals threatened or attacked them on the street, or while they were in their vehicles. The evidence does not compel the conclusion that these actions rose to the level of persecution or were more than random criminal acts. Nor did the IJ err in observing that the mere existence of riots or of random bombings is also insufficient to establish persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180 (9th Cir.2007) (en banc) (asylum cannot be based on general civil strife).

The IJ's conclusion that Theresia and Jonah have not established a well founded fear of future persecution is also supported by substantial evidence. The record supports the IJ's observation that Theresia and Jonah's similarly situated family members have remained in Indonesia unharmed and that Theresia's other children have periodically left Indonesia for school or for visits and returned. *See Cuadras v. INS*, 910 F.2d 567, 571 (9th Cir.1990) (an applicant's well-founded fear is lessened where family members continue to reside unharmed in the home country). The record also supports the IJ's conclusion that Theresia and Jonah have not shown that they face an individualized threat of harm, or that the Indonesian government is unable or unwilling to control non-government actors. *See Lolong*, 484 F.3d at 1180–81. That Theresia was present in the United States for a nine-month period in 2001, and returned to Indonesia for a month before again traveling to the United States also calls into question whether her fear is well-founded. *See Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because petitioners have failed to sustain their burden with regard to asylum, they have also failed to establish a right to withholding of removal. *See Mejia–Paiz v. INS,* 111 F.3d 720, 725 (9th Cir.1997). By failing to show that the harms alleged were inflicted by or at the instigation of or with the consent or acquiescence of the Indonesian government, petitioners have not demonstrated that they are eligible for relief under the CAT. 8 C.F.R. § 208.18(a)(1).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.